UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**RODNEY E. HILE**            **CIVIL ACTION NO. 15-57**

**VERSUS**            **JUDGE ELIZABETH ERNY FOOTE**

**TOWN OF PLAIN DEALING**            **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by the Defendant, Town of Plain Dealing (the "Town"). Record Document 18. For the reasons announced below, the Court **GRANTS** the Defendant's motion.

**I. Background**

Rodney Hile ("Hile"), a deputy marshal employed by the Town, alleges that the Town has deprived him of retirement benefits to which he is entitled. Record Document 1-4. Central to Hile's allegation is that the mayor and former police chief violated his right to participate in the Louisiana Municipal Police Officers Retirement System ("MPERS") by coercing him to sign a form waiving that right. Record Document 1-4, pp. 2-3. Hile also claims that by establishing a retirement plan for all of its employees except law enforcement officers, the Town violated "the non-discrimination rules under federal law regarding allowing all employees of governmental employers to participate in the plan" as well as the substantive due process and equal protection provisions of the federal constitution. Record Document 1-4, pp. 3-4.

Among other reasons, the Town argues that it is entitled to summary judgment

because Hile has failed to state any facts that give rise to a claim under federal law. The Town first disputes Hile's allegation that the Town has created a retirement system that specifically excludes law enforcement officers. According to the Town's mayor, Wiley Robinson, the Town has recently established a retirement system in which "[a]ll employees are entitled to participate, including the Marshall and Deputy Marshalls [sic]." Record Document 18-7, p. 2. Hile refutes this assertion, stating that he "and other police officers were not offered the right to enroll in the City's retirement system until after this lawsuit was filed." Record Document 20-1, pp. 3-4. The Town also argues that even if the Town had excluded deputy marshals like Hile from its retirement system, such an exclusion would not give rise to a federal claim. Hile does not address the legal grounds for his federal claims in his brief opposing the Town's motion for summary judgment.

## II.  Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied,

regardless of the nonmovant's response. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant, Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

### III. Law & Analysis

#### A. Federal Claims

Based on his and other law enforcement officers' alleged exclusion from the Town's retirement plan, it appears that Hile asserts three federal claims. The first is that this exclusion violates "the non-discrimination rules under federal law regarding allowing all employees of governmental employers to participate in the plan." Record Document 1-4, pp. 3-4. Hile provides no further elaboration on this claim in the complaint or elsewhere in the record. Although federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346 (2014), they also cannot sustain a cause of action where the statement of law supporting the claim is so unintelligibly vague that it prevents the plaintiff from "showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). This defect compels the Court to dismiss the claim under either Rule

12(b)(6) or Rule 56. See United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 260 n.3 (5th Cir. 1976) ("[T]he standard to be met in granting a 12(b)(6) motion . . . and the standard for granting a motion for summary judgment . . . both reduce to the same question in this case: Was defendant entitled to judgment on the basis that the law does not recognize a federal cause of action for the facts alleged by plaintiff."). Consequently, the Court dismisses Hile's claim that the exclusion of law enforcement officers from the Town's retirement plan violates "non-discrimination rules under federal law."

The second federal claim that Hile asserts is that his exclusion from the Town's retirement plan violates his substantive due process rights. In analyzing whether the Town's retirement plan violates Hile's substantive due process rights under the Fourteenth Amendment, the Court first must determine whether Hile has shown that the plan encroaches upon a fundamental liberty interest. See Washington v. Glucksberg, 521 U.S. 702, 721 (1997). Hile has made no showing that his inclusion in the Town's retirement plan constitutes a fundamental liberty interest. Because the Town's retirement plan does not encroach upon a fundamental liberty interest, the Court evaluates whether the plan has violated Hile's substantive due process rights under a rational basis standard. See Doe v. City of Lafayette, 377 F.3d 757, 773 (7th Cir. 2004). Under rational basis review, the Court asks whether the challenged law is "rationally related to a legitimate government interest." See id. In this inquiry, the Court may propose its own rational basis for the Town's plan. See Williamson v. Lee Optical of Oklahoma Inc., 348 U.S. 483, 487 (1955). Here, the exclusion of law enforcement officers from the Town's retirement plan could be rationally related to the Town's legitimate budget constraints. Consequently, even when

the Court resolves all disputes of material fact in favor of Hile and assumes that the Town did in fact exclude law enforcement officers from its retirement system, the Town is entitled to judgment as a matter of law that this exclusion did not violate Hile's substantive due process rights. The Court accordingly dismisses this claim with prejudice.

Finally, Hile argues that his exclusion from the Town's retirement plan violates his equal protection rights under the Fourteenth Amendment. To establish a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that "a state actor intentionally discriminated against her because of her membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (quoting Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989)). Hile has alleged that the Town discriminated against him because he is a law enforcement officer, but he has failed to show that law enforcement officers are a protected class under the Equal Protection Clause. The Town is therefore entitled to judgment as a matter of law that the exclusion of law enforcement officers from the Town's retirement plans did not violate Hile's equal protection rights. The Court accordingly dismisses this claim with prejudice.

B. State Law Claims

Without a federal claim before it, the Court declines to exercise supplemental jurisdiction over Hile's state law claims. See 28 U.S.C. § 1367(c). The Court accordingly dismisses Hile's state law claims without prejudice.

## IV. Conclusion

For the reasons assigned above:

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment [Record

Document 18] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all claims by the Plaintiff alleging violations of "anti-discrimination rules" under federal law are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all claims by the Plaintiff alleging violations of the Plaintiff's substantive due process and equal protection rights are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of August, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE